LEONARD KREINCES, ESQ. (LK/6524)
KREINCES & ROSENBERG, P.C.
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
Telephone: (516) 227-6500
Facsimile: (516) 227-6594

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISP-PAL SALES CORP.,

                    Plaintiff,               Case No.:

     -against-

                                  **COMPLAINT**

ALEX PRODUCE CORP. and ALEX BONILLA,

                    Defendants.

## COMPLAINT

The plaintiff, for its complaint against the defendants, alleges:

### JURISDICTION AND VENUE

1.     Jurisdiction over the defendants is based on Section 5(c) of the Perishable Agricultural Commodities Act of 1930 (the "PACA"), as amended, 7 U.S.C. §499e(c)(4).

2.     Venue in this District is based on 28 U.S.C. Section 1391 in that the substantial part of the events giving rise to the claims hereinafter alleged occurred in this District.

### THE PARTIES

3.     The plaintiff, KRISP-PAK SALES CORP., is a New York corporation conducting business in the State of New York, with its principal place of business located at 347 New York City Terminal Market, Bronx, New York 10474. Plaintiff is engaged in the business of buying and

selling wholesale quantities of fresh fruit and vegetables in interstate commerce.

      4.      The defendant, ALEX PRODUCE CORP. ("Alex Produce"), is a corporation doing business in this State and in this District, and was a licensed dealer dealing in perishable agricultural commodities.

      5.      The defendant, ALEX BONILLA a/k/a Alejandro Bonilla Prado ("Bonilla"), is an officer, director and shareholder of Alex Produce, and was a licensed dealer in perishable agricultural commodities.

      6.      This action is brought to enforce the trust provisions of P.L. 98-273, AMENDING Section 5 of the PACA, 7 U.S.C. §499e(c), (the "Act") as follows:

(c)(1) It is hereby found that a burden on commerce in perishable agricultural commodities is caused by financing arrangements under which commission merchants, dealers, or brokers, who have not made payment for perishable agricultural commodities purchased, contracted to be purchased, or otherwise handled by them on behalf of another person, encumber or give lenders a security interest in, such commodities, or on inventories of food or other products derived from such commodities, and any receivables or proceeds from the sale of such commodities or products, and that such arrangements are contrary to the public interest. This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest.

(2) Perishable agricultural commodities received by a commission merchant, dealer, or broker in all trans-action, and all inventories of food or other products derived from perishable agricultural commodities and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer or broker in  trust or the benefit of all unpaid suppliers of sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers or agents. Payment shall not be considered to have been made if the supplier, seller, or agent receives a payment instrument which is dishonored. The provisions of this subsection shall not apply to transactions between a cooperative association (as defined in section 15(a) of the Agricultural Marketing Act (12 U.S.C. 141j(a)), and its members.

(3) The unpaid supplier, seller, or agent shall lose the benefits of such trust unless

such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker and has filed such notice with the Secretary within thirty (30) calendar days (i) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary, (ii) after expiration of such other time by which payment must be made, as the parties have expressly agreed to in writing before entering into the transaction, or (iii) after the time the supplier, seller, or agent has received notice that the payment instrument promptly presented for payment has been dishonored. When the parties expressly agree to a payment time period different from that established by the Secretary, a copy of any such agreement shall be filed in the records of each party to the transaction and the terms of payment shall be disclosed on invoices, accountings, and other documents relating to the transaction.

(4) The several district courts of the United States are vested with jurisdiction specifically to entertain (i) actions by trust beneficiaries to enforce payment from the trust, and (ii) actions by the Secretary to prevent and restrain dissipation of the trust.

## COUNT I
## CLAIMS FOR RELIEF AGAINST ALEX PRODUCE CORP.("Alex Produce")

7.    The plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "6."

8.    Heretofore and within the prescribed statutory period, the plaintiff sold and delivered to the defendant, , at its request, in interstate commerce, perishable agricultural commodities.

9.    The defendant, Alex Produce, accepted said commodities.

10.    Pursuant to the trust provisions of the Act, at the time of receipt of said commodities, a trust was established in favor of the plaintiff as to all commodities received by the defendant, , all inventories of food or other products derived from said commodities ("proceeds"), and the proceeds from the sale of such commodities until full payment is made for said commodities by the defendant, Alex Produce, to the plaintiff.

11.    The defendant, Alex Produce, has failed and refused to pay for the commodities despite repeated demands.

3

12.     The plaintiff furnished timely billings to the defendant, Alex Produce, which contained the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act 1930 (7 U.S.C. 499 (e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received. In the event of the enforcement of our trust claim we will seek to recover reasonable attorney's fees and the costs of recovery . . . .

13.     The plaintiff is an unpaid suppliers or sellers of perishable agricultural commodities as those terms are used in the Act. The amount due is EIGHTY SEVEN THOUSAND FIVE HUNDRED SIXTY SIX AND 90/100 ($87,566.90) DOLLARS.

14.     Upon information and belief, the defendant, Alex Produce, failed to hold, in trust, for the benefit of the plaintiff such perishable agricultural commodities received by it from the plaintiff, all inventories of food or other products derived from said commodities and any receivables or proceeds from the sale of said commodities in violation of the aforesaid statute.

15.     The defendant, Alex Produce's, accounts receivable and the proceeds thereof are PACA trust assets under 7 U.S.C. §499e(c).

16.     The defendant, Alex Produce, has received such PACA assets.

17.     The defendant, Alex Produce, is a trustee, by operation of law, of such PACA assets.

18.     Upon information and belief, the defendant, Alex Produce, has retained such PACA assets and has refused to account to the plaintiff as a PACA creditor.

19.     The defendant, Alex Produce, has been unjustly enriched as a result of its receipt and retention of the PACA assets to which the plaintiff is entitled by statute.

20.     The defendant, Alex Produce, cannot retain the benefit of the PACA assets and, as

4

such, it is a trustee of such assets for the benefit of the plaintiff.

21.    The defendant, Alex Produce, has not accounted to the plaintiff as to the amount of the PACA assets which it has received and retained as aforesaid.

22.    Certain of the PACA assets now held by the defendant, Alex Produce, has been used by it in the ordinary course of its business operations or otherwise dissipated.

23.    As a result of the insolvency of the defendant, Alex Produce, the plaintiff is unable to collect promptly the amounts due and owing to it, other than by specific enforcement of its rights under PACA.

24.    The defendant, Alex Produce, has been unjustly enriched to the extent that it has received the payment of PACA trust assets and the plaintiff, as trust beneficiary has been damaged to the extent that such accounts receivable were so applied. The defendant, , is deemed to hold such sums equal to the amounts received as a constructive trustee for the benefit of the plaintiff as beneficiary. Pursuant to 7 U.S.C. §499e(c)(4), the defendant, , must be ordered immediately to pay the sum of EIGHTY SEVEN THOUSAND FIVE HUNDRED SIXTY SIX AND 90/100 ($87,566.90) DOLLARS, with interest, to the plaintiff in full payment of its trust claim to the extent that such trust funds were received by the defendant, .

25.    The plaintiff has no adequate remedy at law.

26.    The Court is requested to declare that the defendant, Alex Produce, has violated the Act and PACA regulations requiring the defendant, Alex Produce, to segregate from its other assets all of the PACA assets in its possession, custody or control of which the plaintiffs are trust beneficiaries and to maintain such PACA assets in a manner whereby they are freely available to satisfy the defendant's obligation to pay to the plaintiff the amount of EIGHTY SEVEN

5

THOUSAND FIVE HUNDRED SIXTY SIX AND 90/100 ($87,566.90) DOLLARS; and directing

the defendant, , promptly to make payment in the amount of EIGHTY SEVEN THOUSAND FIVE

HUNDRED SIXTY SIX AND 90/100 ($87,566.90) DOLLARS to the plaintiff in accordance with

the Act and PACA regulations.  In the absence of such relief, the defendant, Alex Produce, will

continue to violate the Act and the PACA.

**COUNT II**
**CLAIMS FOR RELIEF AGAINST ALEX BONILLA**

27.    The plaintiff repeats and realleges the allegations set forth in paragraphs "1" through
"26."

28.    The defendant, Bonilla, is a trustee, by operation of law, of such PACA assets.

29.    Upon information and belief, Bonilla has retained such PACA assets and has refused
to account to the plaintiff as a PACA creditors.

30.    The defendant, Bonilla, has been unjustly enriched as a result of its receipt and
retention of the PACA assets to which the plaintiff is entitled by statute.

31.    The defendant, Bonilla, cannot retain the benefit of the PACA assets and, as such, he
is a trustee of such assets for the benefit of the plaintiff.

32.    The defendant, Bonilla, has not accounted to the plaintiff as to the amount of the
PACA assets which he has received and retained as aforesaid.

33.    Certain of the PACA assets now held by the defendant, Bonilla, have been used by
him in the ordinary course of their business operations or otherwise dissipated.

34.    As a result of the insolvency of the defendant, Bonilla, the plaintiff is unable to collect
promptly the amounts due and owing to them, other than by specific enforcement of their rights

6

under PACA.

35.    The defendant, Bonilla, has been unjustly enriched to the extent that he has received the payment of PACA trust assets and the trust beneficiary has been damaged to the extent that such accounts receivable were so applied. This defendant, Bonilla, is deemed to hold such sums equal to the amounts received as a constructive trustee for the benefit of the plaintiff as beneficiary. Pursuant to 7 U.S.C. §499e(c)(4) of the Perishable Agricultural Commodities Act, the defendant, Bonilla, must be ordered immediately to pay, with interest the sum of EIGHTY SEVEN THOUSAND FIVE HUNDRED SIXTY SIX AND 90/100 ($87,566.90) DOLLARS to the plaintiff in full payment of their trust claims to the extent that such trust funds were received by this defendant, Bonilla.

36.    The plaintiff has no adequate remedy at law.

37.    The Court is requested to declare that the defendant, Bonilla, has violated the Act and PACA regulations requiring the defendant, Bonilla, to segregate from his other assets, all of the PACA assets in his possession, custody or control of which the plaintiff is the trust beneficiary and to maintain such PACA assets in a manner whereby he is freely available to satisfy this defendant's obligation to pay to the plaintiffs, the amount of EIGHTY SEVEN THOUSAND FIVE HUNDRED SIXTY SIX AND 90/100 ($87,566.90) DOLLARS; and directing the defendant, Bonilla, promptly to make payment in the amount of EIGHTY SEVEN THOUSAND FIVE HUNDRED SIXTY SIX AND 90/100 ($87,566.90) DOLLARS to the plaintiff in accordance with the Act and PACA regulations. In the absence of such relief, the defendant, Bonilla will continue to violate the Act and the PACA.

WHEREFORE, plaintiff demands judgment as follows:

(1)    declaring defendants to have violated the Act and the regulations promulgated thereunder;

(2)    ordering the defendants to segregate from their other assets all of the perishable agricultural commodities and all inventories of food or other products derived therefrom, and any receivables or proceeds from the sale of such commodities or products in its possession, custody or control, and as to which plaintiff has the benefit of a PACA trust in a manner whereby they are freely available to satisfy the defendants' obligation to pay plaintiff the amount of EIGHTY SEVEN THOUSAND FIVE HUNDRED SIXTY SIX AND 90/100 (S87,566.90) DOLLARS;

(3)    ordering the defendants promptly to make payment, with interest, to plaintiff in accordance with PACA and the PACA regulations;

(4)    granting plaintiff its reasonable costs and disbursements, including attorneys' fees, in this action;

(5)    granting plaintiff such other and further relief as the Court deems just and proper; and

(6)    the plaintiff demands judgment in the amount of EIGHTY SEVEN THOUSAND FIVE HUNDRED SIXTY SIX AND 90/100 ($87,566.90) DOLLARS.

Dated: Westbury, New York
       June    , 2008

Yours, etc.

KREINCES & ROSENBERG, P.C.

By: _____
    LEONARD KREINCES (LK/6524)
    Attorneys for Plaintiff
    900 Merchants Concourse, Suite 305
    Westbury, New York 11590
    (516) 227-6500

8